[No. B006597. Second Dist., Div. Three. Apr. 24, 1985.]

NENOISE TROTTER, Plaintiff and Appellant, v.
LOS ANGELES COUNTY BOARD OF EDUCATION et al., Defendants
and Respondents.

**[Opinion certified for partial publication.*]**

*At the direction of the court, parts I and III of the Discussion are not published pursuant to California Rules of Court, rule 976.1.

**COUNSEL**

Lemaire, Faunce & Katznelson, Lemaine & Faunce and Mark Ellis Singer for Plaintiff and Appellant.

DeWitt W. Clinton, County Counsel, and Steven J. Carnevale, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**LUI, J.**—Appellant Nenoise Trotter appeals the trial court's denial of her petition for a peremptory writ of mandate against respondents Los Angeles

County Board of Education (Board), Los Angeles County Superintendent of Schools, and the Personnel Commission, Office of the Los Angeles County Superintendent of Schools (Commission). Appellant's petition below sought an order requiring respondents to set aside their November 23, 1982, action removing her from the position of personnel analyst with the Board and to reinstate her as of that date, with salary and all other employee benefits (Los Angeles Super. Ct. case No. C475358). Following the denials of her petition and her motion for reconsideration, she filed a timely notice of appeal from the judgment which was subsequently entered.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Appellant was employed as a probationary personnel analyst with respondent Board. After being discharged from her position in July 1979, she filed a petition for writ of mandate against respondents on June 3, 1980, contesting her termination on procedural grounds (Los Angeles Super. Ct. case No. C324771). The petition was subsequently denied by the trial court and appellant appealed. Meanwhile, appellant also pursued her administrative remedies and was successful in obtaining a ruling from the Commission reinstating her without backpay. Pursuant to the Commission's decision, appellant returned to work in April 1982. She worked only three days and six hours and then was absent because of an alleged illness or disability.

In June 1982, appellant filed a workers' compensation claim (case No. 82 POM 81572) with the Workers' Compensation Appeals Board; this claim is still pending.[1] On October 5, 1982, this division reversed the judgment denying the petition for writ of mandate in case No. C324771 and directed the trial court to issue a writ of mandate reinstating appellant and to determine the amount of damage, if any, she should receive for lost compensation from the date of her wrongful termination (2d Civ. 62964). In rendering our opinion, we noted that the issue concerning appellant's reinstatement may have been rendered moot by the Commission's action reinstating her to said position prior to oral argument.

While absent from work because of the claimed medical disability, appellant received a notice from the Board dated November 30, 1982, that effective November 24, 1982, she had been placed on a 39-month reem-

---

[1]We have learned from appellant's counsel that the workers' compensation claim is still pending and that no hearing date is set. Appellant's counsel has also informed us that settlement negotiations were conducted but that the matter will not be settled.

ployment list pursuant to Education Code section 45192.[2] The Board's action was based on the position that appellant has exhausted all available leaves of absence to which she was entitled as of November 23, 1982, under Education Code section 45192 and the corresponding Commission rule section 10.6A.9.[3]

Following the issuance of our remittitur in the prior appeal, the trial court entered a new judgment and issued a writ of mandate on February 28, 1983. In August 1983, appellant received payment of $57,001.75 representing her back salary less amounts earned in other employment, from July 1979 to April 1982.

On November 15, 1983, the petition which is the subject of this appeal was filed (Los Angeles Super. Ct. case No. C475358). Thereafter, on December 19, 1983, payments were tendered by respondents to appellant in the amount of $5,655.39 plus interest of $1,000.49 for the accrued sick and vacation leave entitlements from July 1979 through April 1982.[4]

Subsequently, the trial court denied the petition and filed a judgment on April 8, 1984. Appellant filed a timely appeal from this judgment.

### APPELLANT'S CONTENTIONS ON APPEAL

Appellant contends in this appeal that:

1. Respondents' removal of her from the position of personnel analyst was not in compliance with the provisions of Education Code section 45192 and the Commission's rule section 10.6A.9;

[2]Hereinafter, all references shall be to the Education Code unless otherwise indicated.

Section 45192 states, in pertinent part: "When all available leaves of absence, paid or unpaid, have been exhausted and if the employee is not medically able to assume the duties of the person's position, *the person shall,* if not placed in another position, *be placed on a reemployment list* for a period of 39 months. When available, during the 39-month period, the person shall be employed in a vacant position in the class of the person's previous assignment over all other available candidates except for a reemployment list established because of lack of work or lack of funds, in which case the person shall be listed in accordance with appropriate seniority regulations." (Italics added.)

[3]Commission rule section 10.6A.9 reads: "INDUSTRIAL ACCIDENT AND ILLNESS LEAVE [¶] If all available leaves of absence, paid or unpaid, have been exhausted, and the employee is not medically able to assume the duties of his position as determined by the insurance carrier, the Personnel Director shall place him on a reemployment list for a period of 39 months. When able to assume the duties of his position or a similar position during the 39-month period, he shall be employed in a vacant position over all available candidates, except for a reemployment list established because of lack of work, lack of funds, or abolishment of position, in which case he shall be listed in accordance with appropriate seniority regulations."

[4]Appellant indicated in her supplemental memorandum of points and authorities filed in connection with the petition for a writ of mandate in the court below, that she was holding the warrants until her status was resolved. The record does not clearly indicate whether appellant has negotiated these warrants. However, appellant has not repeated this position in her briefs on appeal. Since respondents indicated that appellant was paid for all accrued leaves, we will assume that she has negotiated these warrants.

2. Appellant was denied due process because she did not receive a proper notice and a hearing on the issue of her placement on the 39-month reemployment list; and

3. Respondents violated Labor Code section 132a by placing her on the 39-month reemployment list prior to the resolution of her workers' compensation claim.

Respondents controvert these contentions.

DISCUSSION

I*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

II

*Appellant Is Not Entitled to a Hearing Regarding Her Placement on the Reemployment List*

Appellant contends she was entitled to a hearing after due notice concerning her placement on the reemployment list. We disagree.

Appellant's placement on the 39-month reemployment list was caused by her inability to perform her duties due to medical reasons as evidenced by her workers' compensation claim. She apparently never returned to work after April 1982. Respondents' action in placing her on the list effectively laid her off for "medical reasons."

▮ Under section 45298, employees may be laid off because of lack of work or lack of funds. Under this section, such employees are entitled to reemployment for a period of 39 months and to participate in promotional examinations during this period of time.[8] Thus, both medical and lack of work or fund layoffs involve placement of the laid off employee on a 39-month reemployment list.

▮ Appellant's reliance on *California Sch. Employees Assn.* v. *Pasadena Unified Sch. Dist.* (1977) 71 Cal.App.3d 318 [139 Cal.Rptr. 633], is

---

*See footnote, *ante*, page 891.

[8]Section 45298 provides, in pertinent part: "Persons laid off because of lack of work or lack of funds are eligible to reemployment for a period of 39 months and shall be reemployed in preference to new applicants. In addition, such persons laid off have the right to participate in promotional examinations within the district during the period of 39 months."

misplaced. In that decision, the Pasadena School Employees Association sought a writ of mandate to review actions by the school district in laying off and reducing the time assignments for certain employees. In addressing the association's contention that each laid off employee was entitled to a hearing to determine whether there was a lack of funds necessitating layoffs, the court rejected the association's contention stating, "[t]he layoffs were not for disciplinary reasons, and no right to an individual hearing is necessitated. (Cf. § 13583 (hearing provided in disciplinary action) [now § 45113].)[9] Section 13580.1, subdivision (e) [now § 45101], also indicates no hearing is required when the cause for layoff is lack of funds. [Fn. omitted.] The hearing proposed by [the association] would not be based upon circumstances peculiar to the individual employee but rather the financial condition of the school district as a whole. Due process does not demand such a hearing." (*Id.*, at p. 323.)

While the hearing proposed by appellant in this appeal is based upon the claimed medical circumstances peculiar to her, placement of appellant on the 39-month list was not disciplinary and no hearing is required. Respondents' action, instead, was a ministerial action which involved no discretion and which required merely reviewing appellant's records and determining when her sick and vacation leaves expired. As the appellate court said in *Great Western Sav. & Loan Assn.* v. *City of Los Angeles* (1973) 31 Cal.App.3d 403, 413 [107 Cal.Rptr. 359], "[w]here a statute or ordinance clearly defines the specific duties or course of conduct that a governing body must take, that course of conduct becomes mandatory and eliminates any element of discretion. [Citations.]"

Consequently, if the computation of appellant's accrued leaves were correct, there was no action by respondents which was subject to review by the court below. The only question was one of law, namely, did the delay in payment of the leave benefits prevent the start of the 39-month period under section 45192. A hearing prior to placement on such list could not have resolved this question of law.

■ Appellant maintains that she has a property interest in continuous employment which was deprived without due process when she was placed on the reemployment list citing *Skelly* v. *State Personnel Bd.* (1975) 15

---

[9]Section 45113 states, in pertinent part: "The governing board shall adopt rules of procedure for *disciplinary* proceedings which shall contain a provision for informing the employee by written notice of the specific charges against him, a statement of his right to a hearing on such charges, and the time within which such hearing may be requested which shall be not less than five days after service of the notice to the employee, and a card or paper, the signing and filing of which shall constitute a demand for hearing, and a denial of all charges. The burden of proof shall remain with the governing board, and any rule or regulation to the contrary shall be void." (Italics added.)

Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774]. *Skelly* is distinguishable from the situation at hand and involved a state-employed doctor who was terminated on grounds of alleged intemperance and inexcusable absences. The issue in *Skelly* was whether the state's disciplinary action constituted an abuse of discretion in the absence of any showing that Skelly's conduct adversely affected public service. In contrast to *Skelly,* the instant appeal presents no question of disciplinary action. Also, in *Skelly,* there was no statute like section 45192, which the Board was required to observe.

In *American Federation of State etc. Employees* v. *County of Los Angeles* (1983) 146 Cal.App.3d 879 [194 Cal.Rptr. 540] (*Federation*), the petitioning union represented deputy probation officers and asserted that its members were denied procedural due process of a duly noticed hearing prior to demotion. The appellate court upheld the trial court's finding that civil service rules, which permitted exemptions for certified bilingual employees to the order of reductions, did not deprive those union members who had seniority but were demoted the right to equal protection of the law. The court further concluded that such union members were not denied the right to procedural due process by the lack of any notice or hearing prior to demotion.

The court in *Federation* stated: "However, the extent of the protected interest or entitlement (i.e., the terms and conditions of employment) is governed purely by statute. [Citation.] [¶] Pursuant to article XI, section 4, subdivision (f) of the California Constitution and article IV, section 35 of the county charter, the county civil service commission promulgated rules governing the terms and conditions of county employment, including procedures for layoff or reduction in lieu thereof for reasons of economy or lack of work. These rules, particularly rule 19 [generally relating to layoff and reduction in work force for lack of work or lack of adequate positions in the particular class], therefore establish the extent of county employees' protected property interest. Given the text of rule 19, . . . it is clear that no county employee has a legitimate claim of entitlement to be free from layoff or reduction in position when reasons of economy or lack of work eliminate a need for the position. *Due process does not demand a preremoval hearing in the absence of a protected interest or when the circumstances precipitating removal are general to the employing entity. . . .*" (Italics added.) (*Id.,* at p. 889.)

In this appeal, section 45192 and Commission rule 10.6A.9 clearly mandate the placement of an employee on the 39-month reemployment list once the employee is off work for medical reasons and has exhausted all leaves. While the medical reasons for appellant's absences are purely personal to her, the circumstances precipitating removal of absent employee for medical

reasons is a general problem faced by the employing entity. Here, placement on the 39-month list was a condition for preferential reemployment rights for appellant. It is clear to us that the purpose of section 45192 is to allow an employing agency to hire persons to fill positions vacated by medically disabled employees and then to allow the laid off employee preferential treatment in terms of reemployment. We see no violation of any cognizable property interest as a result of appellant's placement on said list.

Appellant further relies on *Zike* v. *State Personnel Bd.* (1983) 145 Cal.App.3d 817 [193 Cal.Rptr. 266], contending that where there is a factual dispute as to the propriety of the application of section 45192, a pre-removal safeguard should be provided. This contention lacks merit. First, *Zike* dealt with the constitutionality of the automatic resignation statute formerly contained in Government Code section 19503. That section provided generally that an absence without leave, whether voluntary or involuntary for five consecutive working days, constituted an automatic resignation from state service. Zike contended that he had never intended to resign, that he had been absent because of his honeymoon, and that he had informed school officials that he would be returning late.

The Court of Appeal reversed the trial court's denial of Zike's petition for writ of mandate and ordered him reinstated with backpay. The *Zike* court held that the application of Government Code section 19503 violated the employee's procedural due process right by failing to provide adequate pre-removal safeguards.

In *Goggin* v. *State Personnel Bd.* (1984) 156 Cal.App.3d 96 [202 Cal.Rptr. 587], this court distinguished *Zike* and held that the automatic resignation statute neither violated equal protection or substantive due process, because the statute had a rational relationship to a legitimate and important state function of filling a government position vacated by an employee's absence without leave.

The situation in the instant appeal differs from *Zike* and *Goggin*. First, section 45192 deals with placement on a reemployment list as contrasted with an automatic termination statute. Secondly, the factual situation presented in *Zike* and *Goggin* is more akin to a punitive or disciplinary action which is absent in this appeal. We find nothing in *Zike* or *Goggin* which would support appellant's contention.

III*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

*See footnote, *ante,* page 891.

## DISPOSITION

The judgment denying the petition for writ of mandate is affirmed.

Klein, P. J., and Arabian, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 18, 1985.