**CALIFORNIA TEACHERS ASSOCIATION; Patricia Donovan; Shellie Aguiar; Deborah Bennett; Wenedta Davis; Andrew Grant; Ollie Howard; Kathleen Kinley; Joanne Lou Linden; Elsie Maraya; Loria Perez; Michael Perez; Carol Petersen; My–Le Pham; Debbie M. Phillips; Ikram Redd; Lori Carman; Karen Rokosz; and Patty Wilson, Plaintiffs–Appellants,**

v.

ORANGE COUNTY DEPARTMENT OF
EDUCATION; Orange County Board
of Education; and John F. Dean, in
his individual and official capacities
as Superintendent of Schools, Defen-
dants–Appellees.

No. 01–55134.

D.C. No. SA CV 00–1080 GLT (ANx).

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 2002.*

Decided March 22, 2002.

Before ARCHER,** O'SCANNLAIN,
and SILVERMAN, Circuit Judges.

MEMORANDUM***

Eighteen child-development teachers
and their union, California Teachers Asso-
ciation ("Teachers"), appeal the Fed.
R.Civ.P. 12(b)(6) dismissal of their com-
plaint against the Orange County Depart-
ment of Education, the Orange County
Board of Education, and the Superinten-
dent of Schools, in his individual and offi-
cial capacities (collectively, the "County").
We have jurisdiction pursuant to 28 U.S.C.
§ 1291, and we affirm.

Teachers argues that the district court
improperly concluded that the individual
teachers did not have property interests in
their continued employment under Cal.

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** The Honorable Glenn L. Archer, Jr., Senior
Circuit Judge of the United States Court of
Appeals for the Federal Circuit, sitting by
designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

Educ.Code § 8366, and thus were not entitled to constitutional due process hearings. Whether a state statute creates an expectation of entitlement sufficient to create a property interest recognized by federal constitutional law "will depend largely upon the extent to which the statute contains mandatory language that restricts the discretion of the [decisionmaker]." *Allen v. City of Beverly Hills*, 911 F.2d 367, 370 (9th Cir.1990) (internal quotations omitted); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 543 n. 8, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). If there are no "particularized standards or criteria that significantly constrain" the discretion of the decision-maker to confer a benefit, no property entitlement exists. *Fid. Fin. Corp. v. Fed. Home Loan Bank*, 792 F.2d 1432, 1436 (9th Cir.1986).

The authorization of layoffs for "lack of work or lack of funds" in Cal. Educ.Code § 8366 does not provide "particularized standards or criteria that *significantly* constrain" the County's discretion to order layoffs of child-development teachers for financial reasons. *See Allen*, 911 F.2d at 371. In contrast to the specific triggers set forth in Cal. Educ.Code. §§ 44955(b) and 44955.5, which govern layoffs of other certificated employees, the "lack of work or lack of funds" language in Cal. Educ. Code § 8366 is broad. Moreover, the California courts have held that a school district has significant discretion to lay off classified state school employees for "lack of funds" as long as that discretion is "confined to truly 'budgetary' issues." *Short v. Nevada Joint Union High Sch. Dist.*, 163 Cal.App.3d 1087, 1097–98, 210 Cal.Rptr. 297 (Cal.Ct.App.1985); *see also Cal. Sch. Employees Assn. v. Pasadena Unified Sch. Dist.*, 71 Cal.App.3d 318, 321–22, 139 Cal.Rptr. 633 (Cal.Ct.App.1977) (rejecting the argument that "lack of funds" should mean "an actual and existing financial inability to pay salaries ...," and

holding that a school district was permitted to lay off classified school employees for "lack of funds" even while the district maintained funds in reserve accounts sufficient to pay salaries). Where the only substantive restriction imposed on a decision-maker's exercise of authority is that the basis of its decision be reasonable, any claim to a protected property interest created by the state is negated. *Allen*, 911 F.2d at 371.

This is not a case where the plaintiffs alleged that budgetary constraints were a sham or pretext for terminations based other grounds, and so does not involve personalized fact determinations that would necessitate a hearing. *Cf. Loudermill*, 470 U.S. at 542–43 (requiring due process hearings for "cause" terminations based on the employee's interest in telling "his side" of the story). Rather, the child-development teachers lacked a legitimate entitlement to continued employment once the County determined in its discretion that it lacked funds to retain them. *See Duffy v. Sarault*, 892 F.2d 139, 147 (1st Cir.1989).

AFFIRMED.