**HARTFORD FIRE INSURANCE COMPANY, Plaintiff,**

v.

**KARAVAN ENTERPRISES, INC., dba Computerland of Los Altos and San Jose, et al., Defendants.**

**No. C–85–7953 DLJ.**

United States District Court, N.D. California.

Sept. 22, 1986.

See also, 659 F.Supp. 1077.

Raoul D. Kennedy of the law firm Crosby, Heafey, Roach & May Professional Corp., on behalf of the plaintiff and Robert D. Links of the law firm Dobbs, Berger, Molinari, Casalnuovo, Vannelli & Nadel, on behalf of the defendants.

ORDER FOR SUMMARY JUDGMENT

JENSEN, District Judge.

On September 10, 1986, the cross-motions for summary judgment of plaintiff Hartford Fire Insurance Company and defendants Karavan Enterprises, Inc., and Sarkis Kouzoujian came on regularly for hearing. Crosby, Heafey, Roach & May Professional Corporation, by Raoul D. Kennedy, appeared for plaintiff. Dobbs, Berger, Molinari, Casalnuovo, Vannelli & Nadel, by Robert D. Links, appeared for defendants. The matter having been fully briefed and argued, and good cause appearing therefor,

IT IS ORDERED:

This is an action for declaratory relief. Hartford Fire Insurance Company (Hartford) seeks a declaration that it has no obligation to indemnify or defend its insureds, Karavan Enterprises, Inc. (Karavan) and Karavan President Sarkis Kouzoujian, in a wrongful termination suit brought by former Karavan employee, Jay V. Hemming, in state court. The parties have submitted cross-motions for summary judgment on a stipulated set of facts.

Hemming's wrongful termination action includes two causes of action. The first is for breach of written employment contract. The second is a tort claim for breach of the covenant of good faith and fair dealing. In the second cause of action the employee seeks punitive damages for intentional or reckless infliction of emotional distress.

The insurance policy issued by Hartford to Karavan and Sarkis Kouzoujian extends basic Comprehensive General Liability (CGL) coverage. The CGL covers indemnity for all damages owed because of bodily injury or property damage caused by an "occurrence," which the policy elsewhere defines as "an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Immediately following the indemnity clause, as part of the same sentence, the CGL provides that the company shall defend "any suit against the insured seeking damages on account of such bodily injury or property damage...."

Karavan contends that because the policy is ambiguous and because Kouzoujian reasonably expected protection against all personal injury lawsuits under the policy, California's policy of liberal construction in favor of the insured requires Hartford to defend it in the third-party action. Karavan argues that because the employee lawsuit could be amended at any time before trial to include a claim for negligently induced emotional distress flowing from the employee's termination, the third-party action presents a potential of liability under the policy's coverage. In this case, maintains Karavan, the insurer has a duty to defend under the rule of *Gray v. Zurich Insurance Co.*, 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168 (1966), and its progeny.

The duty to defend is broader than the duty to indemnify, and requires the insurer to investigate and evaluate the facts expressed or implied in the complaint as well as those learned from other sources. *Gray, supra,* 65 Cal.2d at 275–77, 54 Cal.Rptr. 104, 419 P.2d 168; *CNA Casualty of California v. Seaboard Surety Co.,* 176 Cal.App.3d 598, 605–06, 222 Cal.Rptr. 276 (1986). However, the duty to defend is measured by the nature and kind of risks covered in the policy. When the language of the policy is clear, the court must not give it a strained construction to impose on the insurer a liability it has not assumed. *St. Paul Fire & Marine Insurance Co. v. Superior Court,* 161 Cal.App.3d 1199, 208 Cal.Rptr. 5 (1984); *Giddings v. Industrial Indemnity Co.,* 112 Cal.App.3d 213, 169 Cal.Rptr. 278 (1980). Where the scope of the basic coverage itself is at issue, the insured has the burden of showing that the event is a claim within the scope of the basic coverage. *Royal Globe Insurance Co. v. Whitaker,* 181 Cal.App.3d 532, 226 Cal.Rptr. 435 (1986). If there is no potential for coverage, the insurer has no duty to defend. *Jaffe v. Cranford Insurance Co.,* 168 Cal.App.3d 930, 214 Cal.Rptr. 567 (1985).

While acknowledging that the duty to defend is broader than the duty to in-

demnify, the Court finds that there is no ambiguity in the policy issued by Hartford. The phrase "any suit against the insured" cannot be construed as a blanket obligation to provide legal services for the insured. Rather, the Court finds that the duty-to-defend clause in the policy is clearly qualified by the phrase "on account of such bodily injury or property damage," which in turn refers clearly to the requirement that such bodily injury or property damage be caused by an "occurrence."

 Moreover, it is undisputed that Kouzoujian acted intentionally when he terminated the employee. Therefore, under the reasoning of *St. Paul Fire & Marine Insurance Co., supra,* a case involving similar facts, the termination cannot be deemed an "occurrence." *See St. Paul Fire & Marine Insurance Co., supra,* 161 Cal.App.3d at 1202–03, 208 Cal.Rptr. 5.

Defendants argue that even if the underlying termination is not an "occurrence," the third-party complaint could still be amended to claim damages for unintended harm caused by the termination. This, contend defendants, would invoke the rule of *Gray.* This argument is foreclosed by the analysis of the court in *Royal Globe Insurance Co., supra.* The *Royal Globe* court found that neither an intentional act nor the allegedly unintended consequences of the act could constitute an "occurrence" under a policy defining the term exactly as does Hartford's policy. *See Royal Globe, supra,* 181 Cal.App.3d at 537, 226 Cal.Rptr. 435.

The Court is of the opinion that the qualifying phrase in Hartford's policy serves to distinguish *Gray v. Zurich Insurance Co., supra.* The reasoning of *St. Paul Fire & Marine Insurance Co.,* 161 Cal.App.3d 1199, 208 Cal.Rptr. 5 (1984), and *Royal Globe Insurance Co. v. Whitaker,* 181 Cal. App.3d 532, 226 Cal.Rptr. 435 (1986), controls this case. Neither the intentional termination nor any unintended consequences of the termination constitute an "occurrence" or harm caused by an "occurrence." There is thus no coverage at all under the policy. Because there is no potential liability presented by the employee's suit in state court, Hartford has no duty to defend its insureds in that suit.

Accordingly, the Court orders that plaintiff's motion for summary judgment be and hereby is granted and that defendants' motion for summary judgment be and hereby is denied. The Court finds and declares that Hartford Fire Insurance Company is not obligated, pursuant to the terms of Policy No. 57 SMP WY5944, to provide a defense to defendants, or either of them, in the lawsuit that has been filed against them by Jay V. Hemming in the Superior Court of California, County of Santa Clara, Action No. P 45920. The Court further declares that Hartford Fire Insurance Company has no duty to indemnify defendants, or either of them, for any portion of any amount which the defendants, or either of them, may choose to pay or be legally obligated to pay, on account of that action.