953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CENTENNIAL INSURANCE CO., Plaintiff-Appellant,
v.
CYPRESS INSURANCE CO., Defendant-Appellee.
 No. 90-16744.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 17, 1992.*
Decided Jan. 30, 1992.
 
 Before CHAMBERS, TANG and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Centennial Insurance Company appeals the district court's decision granting summary judgment to Cypress Insurance Company.[1] Centennial claimed that Cypress had a duty to defend the Bohemian Club under the terms of Cypress' primary coverage. Cypress denied potential coverage and any duty to defend the Bohemian Club from a civil suit filed by Arthur Valenzuela, a former employee. Centennial defended the Bohemian Club in the underlying civil suit. Centennial then filed suit in federal district court for declaratory relief and equitable subrogation to recover its defense costs from Cypress. The district court had jurisdiction pursuant to 28 U.S.C. § 1331.
 
 
 3
 Centennial now appeals the trial court's decision to grant summary judgment to Cypress. The district court ruled that no issues of material fact remained in dispute, and that, as a matter of law, Cypress had no duty to defend the Bohemian Club in the underlying civil suit filed by Mr. Valenzuela. Centennial's appeal is timely. We have jurisdiction under 28 U.S.C. § 1291, and affirm the district court's decision granting summary judgment to Cypress.
 
 BACKGROUND
 
 4
 Valenzuela, a former employee of the Bohemian Club, filed the underlying civil suit to recover damages for injuries suffered when he was allegedly kicked down a flight of stairs by his supervisor, Frank Vitale. Valenzuela claimed damages for assault and battery, breach of contract, intentional infliction of emotional distress, and wrongful termination. He lost his civil suit for damages when the jury returned a verdict for the Bohemian Club. Valenzuela did collect on his worker's compensation claim, however.
 
 
 5
 Cypress carried two types of primary insurance coverage for the Bohemian Club during the relevant period. First, Cypress provided worker's compensation insurance to the Bohemian Club, and in fact paid for Valenzuela's claim under this policy. Second, Cypress issued an employer's liability policy to the Bohemian Club for work-related injuries caused by accident or disease. It is the terms of this second policy that are at issue in this appeal.
 
 
 6
 The Employer's Liability Policy issued by Cypress provided that:
 
 
 7
 This employer's liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.
 
 
 8
 .............................................................
 
 
 9
 ...................
 
 
 10
 * * *
 
 
 11
 We will pay all sums you must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employer Liability Insurance.
 
 
 12
 The policy exclusions state, in relevant part, that:
 
 This insurance does not cover:
 
 13
 .............................................................
 
 
 14
 ...................
 
 
 15
 * * *
 
 
 16
 4. any obligation imposed by a workers compensation ... or any similar law;
 
 
 17
 5. bodily injury intentionally caused or aggravated by you;
 
 
 18
 .............................................................
 
 
 19
 ...................
 
 
 20
 * * *
 
 
 21
 7. damages arising out of the discharge of, coercion of, or discrimination against any employee in violation of law.
 
 
 22
 Finally, the Employer's Liability Policy issued by Cypress sets out the limits to its defense obligations in the following provision:
 
 
 23
 We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.
 
 
 24
 The district court granted summary judgment to Cypress on the grounds that the facts supporting Valenzuela's civil suit did not present a claim potentially covered by the Cypress Employer's Liability Policy. According to the district court's order, Valenzuela's complaint and its supporting facts could not meet the threshold showing of accidental injury required to trigger coverage under the Employer's Liability Policy issued by Cypress to the Bohemian Club. Specifically, the district court held that
 
 
 25
 It is difficult to imagine that Valenzuela could have stated a cause of action for accidental injury on the facts alleged. Although the plaintiff [Valenzuela] might have stated a cause of action for negligent hiring or negligent supervision on these facts, the injury would still not qualify as a "bodily injury by accident" under the Cypress policy.
 
 
 26
 In support of its holding, the district court noted that Valenzuela's amended complaint alleged that:
 
 
 27
 defendant FRANK VITALE hit plaintiff with his elbow and pushed him down a flight of concrete, metal-edged stairs; while plaintiff was injured and on the ground, said defendant then raised his foot as if to kick plaintiff in the head.
 
 
 28
 Centennial claims that the district court erred in granting summary judgment to Cypress on these grounds. Basically, Centennial disputes the district court's conclusion that the facts underlying Valenzuela's complaint could not support a claim for accidental injury within the meaning of the Employer's Liability Policy issued to the Bohemian Club by Cypress.
 
 ANALYSIS
 
 29
 We review decisions on summary judgment using the same standard used by the district court under Fed.R.Civ.P. 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). We must view the evidence in the light most favorable to the nonmoving party and determine whether there are any material facts in dispute and whether the district court applied the relevant substantive law correctly. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338 (9th Cir.1989).
 
 
 30
 Under California law, an insurer has a duty to defend any suit in which the underlying complaint or the facts supporting it state a claim which is potentially within the coverage of the policy. Bowie v. Home Ins. Co., 923 F.2d 705, 707 (9th Cir.1991) (citing Gray v. Zurich Ins. Co., 65 Cal.2d 263, 275, 54 Cal.Rptr. 104, 112, 419 P.2d 168, 176 (1966)). According to Centennial, the district court erred in granting summary judgment to Cypress on the grounds that the Valenzuela's complaint and its supporting facts could not support a claim for "injury by accident" within the meaning of the Cypress policy.
 
 
 31
 Centennial offers several arguments to support its contention that the injury suffered by Valenzuela could be "accidental" within the meaning of the Cypress Employer's Liability policy. First, Centennial argues that facts were available at the time of Valenzuela's lawsuit that might have indicated the possibility of coverage. Second, Centennial claims that the result in this case is controlled by Gray v. Zurich Ins. Co., supra, 65 Cal.2d 263, 54 Cal.Rptr. 104 and other California decisions following Gray. Third, Centennial claims that Valenzuela could have amended his complaint to state a claim for negligent hiring and supervision against the Bohemian Club. According to this argument, such a claim would be accidental within the meaning of the Cypress policy and would also avoid the preclusive effect of the exclusion barring coverage of injuries intentionally caused by an employer. Furthermore, Centennial argues that, unlike Valenzuela's claims for assault and battery, a negligent hiring and supervision action would not run afoul of the California statutory prohibition on insurance coverage for intentional torts. See Cal.Ins.Code. § 533[2].
 
 
 32
 These arguments are not persuasive. First, as the district court properly held, the alleged cause of Valenzuela's injuries hardly qualifies as "accidental" within any ordinary meaning of the term. See St. Paul Fire & Marine Ins. v. Superior Ct., 208 Cal.Rptr. 5, 161 Cal.App.3d 1199, 1202 (1984) ("In its plain and ordinary sense, 'accidental' means 'arising from extrinsic causes; occurring unexpectedly or by chance; or happening without intent or through carelessness") (quoting Webster's 9th New Collegiate Dict. at 49 (1983)). And since the language of the Cypress policy is unambiguous, we see no reason to go beyond that plain meaning. See id. ("When the language is clear, a court should not give it a strained construction to impose on the insurer a liability it has not assumed)" (quoting Giddings v. Industrial Indemnity Co., 112 Cal.App.3d 213, 218, 169 Cal.Rptr. 207); Nabisco, Inc. v. Transport Indemnity Co., 143 Cal.App.3d 831, 836, 192 Cal.Rptr. 207 (1983) ("In construing the language of insurance policies, words are given their popular and ordinary meaning.") Moreover, Centennial's factual argument that witnesses were available to refute Valenzuela's story at the time of the lawsuit cannot support a duty to defend. Centennial's own characterization of these witness accounts indicates, if anything, that Valenzuela's claim of assault and battery was unmeritorious.[3] The accounts offer no indication that the supervisor's actions towards Valenzuela were merely negligent.
 
 
 33
 Even if the available facts supported an action based on negligent conduct by Valenzuela's supervisor, they would also have triggered coverage under California Worker's compensation and its exclusive remedy provisions. See Cal.Lab.Code §§ 3600, 3601(a), 3602[4]; Roberts v. Pup 'N' Taco Driveup, 160 Cal.App.3d 278, 206 Cal.Rptr. 533 (1984) ("The modern view respecting actionable intentional misconduct by the employer is that it must be alleged and proved that the employer 'acted deliberately with the specific intent to injure the employee.' ") (citations omitted) (emphasis added). In addition, an injury covered by Worker's Compensation is specifically excluded from coverage under the Cypress policy. Either way, Centennial's argument fails to show a potential for coverage under the Cypress Employer's Liability policy.
 
 
 34
 Second, as the district court properly noted, Centennial's reliance on Gray is misplaced. In Gray, the policy language was significantly different than here, and gave rise to an ambiguity regarding the scope of coverage. Gray v. Zurich Ins. Co., supra, 54 Cal.Rptr. at 109-11. In the present case, the language in the Cypress policy is clear and unambiguous. Moreover, Gray concerned a comprehensive general liability policy. This fact, in conjunction with the ambiguous policy language, gave rise to a reasonable expectation of coverage by the insured. Id. In the present case, the district court concluded correctly that the Cypress Employers Liability Policy issued to the Bohemian Club did not support a reasonable expectation of potential coverage. On these grounds, Cypress had no duty to defend the Bohemian Club in the underlying civil suit by Valenzuela. Centennial's reliance on other California cases following Gray is similarly unpersuasive.[5]
 
 
 35
 Centennial's third argument is that the Cypress policy potentially covered a claim by Valenzuela for negligent hiring and supervision. The district court conceded that Valenzuela could have amended his complaint accordingly, but that the injury suffered would still not qualify as accidental within the meaning of the Cypress policy. Centennial maintains that the district court erred in this respect, and urges this Court to construe the term accidental from the coverage clause as defined by those injuries which are not intentional within the meaning of the policy exclusion.
 
 
 36
 We need not address this issue because Centennial's argument fails even if an injury caused in part by negligent hiring or supervision falls within the definition of an 'injury by accident.' A separate civil claim for Valenzuela's employment disability due to negligent hiring and supervision would be barred by the exclusive remedy provisions of the California Worker's Compensation Act.[6] See Ortiz v. Bank of America Nat. Trust & Sav. Assn., 824 F.2d 692 (9th Cir.1987) ("The [California Workers Compensation Act] has been held to provide the remedy for injuries flowing from abusive treatment by supervisors") (citing Albertson's, Inc. v. Workers' Compensation Appeals Bd., 131 Cal.App.3d 308, 313, 182 Cal.Rptr. 304, 307 (1982); Cal.Lab.Code §§ 3600, 3602; see also Goldman v. Wilsey Foods, Inc., 216 Cal.App.3d 1085, 1097-99; 265 Cal.Rptr. 294, 300-01 (1989) (employment disability caused by negligent and intentional infliction of emotional distress subject to exclusive remedy provisions of WCA; Roberts v. Pup 'N' Taco Driveup, 160 Cal.App.3d 278, 206 Cal.Rptr. 533 (1984).[7] Indeed, it was in hopes of avoiding those provisions that Valenzuela pleaded his intentional tort claims in the first place.
 
 
 37
 To conclude, Cypress had no duty to defend the Bohemian Club in the underlying complaint brought by Valenzuela. First, no duty to defend arises from any injury caused by the Bohemian Club to Valenzuela. The Cypress Employer's Liability Policy offers coverage only for accidental injury and a specific exclusion bars coverage for injuries caused intentionally by the Bohemian Club. Second, the facts underlying Valenzuela's complaint do not indicate that the conduct of his supervisor was merely negligent. And if they did, they would bring Valenzuela's complaint within the ambit of the California Worker's Compensation system and its exclusive remedy provisions. Employment disability resulting from merely negligent acts by an employer or fellow employee is covered by Worker's Compensation, and cannot support a separate civil action. In addition, the Cypress policy expressly excludes coverage for injuries covered by Worker's Compensation. Similarly, no duty to defend arises from the possibility that Valenzuela could have stated a claim for negligent hiring and supervision by the Bohemian Club. Even if such a claim could qualify as accidental within the meaning of the Cypress Employer's Liability Policy, it would be covered by California Worker's Compensation and thus barred as a separate civil action by statute. Accordingly, no potential for coverage existed under the Cypress Employer's Liability Policy as to any claim by Valenzuela for negligent hiring and supervision.
 
 
 38
 Cypress had no duty to defend the Bohemian Club in the underlying civil suit brought by Valenzuela. The district court's decision granting summary judgment to Cypress is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(f) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties to this action are hereinafter referred to as Centennial and Cypress, respectively
 
 
 [2]
 This section provides that "[a]n insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." Cal.Ins.Code § 533 (West 1972)
 
 
 [3]
 According to Centennial, some witnesses to the incident claimed that Valenzuela tripped and fell down the stairs, but was not pushed
 
 
 [4]
 Section 3600(a) reads, in relevant part:
 Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as otherwise specifically provided in Sections 3602, 3706, and 4558, shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment ... in those cases where the conditions of compensation concur:
 * * *
 (3) Where the injury is proximately caused by the employment, either with or without negligence.
 * * *
 Section 3601 creates certain exceptions to the exclusive remedy provisions of the WCA based on the actions of a co-employee responsible for another worker's employment disability. For the present purposes, the relevant exception is: "[w]hen the injury or death is proximately caused by the willful and unprovoked physical act of aggression of the other employee." Cal.Lab.Code. § 3601(a)(1). Moreover, this subsection (b) states that:
 In no event ... shall the employer be held liable, directly or indirectly, for damages awarded against, or for a liability incurred by the other employee under paragraph (1) ... of subdivision (a).
 Section 3602 codifies certain exceptions to the exclusive remedy provisions of worker's compensation. For the present purposes, the relevant exception is: "[w]here the employee's injury or death is proximately caused by a willful physical assault by the employer." Cal.Lab.Code § 3602(b)(1).
 
 
 [5]
 The cases cited for the proposition that facts supporting an underlying action may give rise to a duty to defend do not compel a different result in this case. Of the six cases cited, two are directly controlled by Gray because they involved ambiguous provisions in a comprehensive general liability policy. See Hays v. Pacific Indemnity Group, 8 Cal.App.3d 158, 86 Cal.Rptr. 815 (1970); Val's Painting & Drywall, Inc. v. Allstate Ins. Co., 53 Cal.App.3d 576, 126 Cal.Rptr. 267 (1975). And in Lowell v. Maryland Ins. Co., 65 Cal.2d 298, 54 Cal.Rptr. 116 (1966), the California Supreme Court noted that the policy specifically defined assault and battery as an accidental occurrence under certain conditions and that the exclusionary clause in the contract was ambiguous. In another case cited by Centennial, the California appeals court specifically found that the exclusionary provisions were inapplicable to the underlying claim, and therefore did not preclude the insurer's duty to defend. See State Farm Mutual Auto Ins. v. Allstate Ins. Co., 9 Cal.App.3d 508, 88 Cal.Rptr. 246 (1970). In a similar vein, the court in Central Mutual Ins. Co. v. Del Mar Beach Club Owners Assn., 123 Cal.App.3d 916, 176 Cal.Rptr. 895 (1981) found that the facts supporting the underlying complaint indicated that the policy exclusions might not preclude coverage and therefore gave rise to a duty to defend. As the district court in the present case properly held, this is not the case here. Moreover, the facts of Central are entirely different from the present case, and therefore offer nothing more than general authority for a proposition already well-established in Gray. In the final case relied upon by Centennial, the California Supreme Court granted review, and then dismissed and remanded the action to the trial court. See James M. v. Sebesten, 221 Cal.App.3d 451, 270 Cal.Rptr. 99 (1990), rev. granted, 272 Cal.Rptr. 291, 704 P.3d 1345, rev. dismissed and cause remanded sub. nom. In re James M., 279 Cal.Rptr. 779, 807 P.2d 1008 (1991)
 
 
 [6]
 The California Workers Compensation Act is hereinafter referred to as WCA
 
 
 [7]
 In Roberts, the California Court of Appeals construed an earlier version of the WCA exclusive remedy provisions which were more favorable to workers. Roberts, 160 Cal.App.3d at 282 n. 2, 206 Cal.Rptr. at 536 n. 2. The court concluded that "[h]ere, the most that was alleged as employer misconduct was the employer's failure to reasonably foresee that the hiring of an illegal alien posed a risk that such an employee would fail to promptly summon medical attention for an injured coemployee. The employer's conduct would be negligence, rather than intentional tort ..." Roberts, 160 Cal.App.3d at 284, 206 Cal.Rptr. at 536. The court then held that the claim was barred by the exclusive remedy provisions of the California Worker's Compensation Act, Cal.Lab.Code § 3600 et. seq. Roberts, 160 Cal.App.3d at 284, 206 Cal.Rptr. at 537