Dale SCHEFFLER, an individual; Cynthia Scheffler, an individual, Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, a corporation, Defendant.

No. CIV.01–10468 DDP.

United States District Court, C.D. California.

March 19, 2002.

John M. Carmack, Gill and Baldwin LLP, Glendale, CA, Dana R. Corey, Calabasas, CA, for plaintiffs.

Peter H. Klee, Marc J. Feldman, Seth M. Friedman, Luce, Forward, Hamilton & Scripps LLP, San Diego, CA, for defendant.

## ORDER GRANTING THE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

PREGERSON, District Judge.

This matter comes before the Court on the defendant's motion for judgment on the pleadings. After reviewing and considering the materials submitted by the parties and hearing oral argument, the Court grants the motion.

### BACKGROUND

On December 6, 2001, the defendant, Allstate Insurance Company ("Allstate"), removed the instant action to this Court. The plaintiffs, Dale Scheffler ("Mr.Scheffler") and Cynthia Scheffler ("Mrs.Scheffler") (collectively the "plaintiffs"), sue Allstate for breach of contract and breach of the implied covenant of good faith and fair dealing.

This action arises out of Allstate's denial of the plaintiff's tender of defense of a lawsuit filed by Pierre and Rebecca Rioux (the "Riouxs") against the plaintiff.

The plaintiffs lived next to the Riouxs. For many years, a roadway existed on the plaintiffs' property, which allowed access to the Rioux property. But, in May 2000,

the plaintiffs locked the gates to the roadway; then they bulldozed and destroyed it to stop the Rioux family from driving back and forth across the plaintiffs' property. In August 2000, the Riouxs sued the plaintiffs for interference with an easement. The Riouxs' complaint sought to declare the rights of the parties and to quiet title in favor of the Riouxs in the claimed easement, and included causes of action for nuisance, trespass, destruction of property, unfair business practices, as well as intentional and negligent infliction of emotional distress. The plaintiffs tendered defense of the lawsuit to Allstate, their homeowners insurance. On December 18, 2001, Allstate denied the claim because it was not covered under the policy.

On January 17, 2001, the plaintiffs' wrote to Allstate to report further information concerning the nature of the bodily injury allegedly suffered by Mrs. Rioux. As a result of the blocking of the claimed easement, the Riouxs feared injury or death since the only access way to their home was over the steep and dangerous driveway on their property. Because of the stress from the fear, Mrs. Rioux claimed that she suffered bodily injury in the form of a flare up of her irritable bowel syndrome. On February 23, 2001, Allstate affirmed its previous denial of the plaintiffs' claim.

Before the Court is Allstate's motion for judgment on the pleadings.

## DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal*

*Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

### B. Analysis

#### 1. Duty to Defend

▮ "An insurer … bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 276–77, 54 Cal. Rptr. 104, 419 P.2d 168 (1966). In determining whether a potential for coverage exists, the complaint is liberally construed in favor of potential coverage. *Quan v. Truck Ins. Exch.*, 67 Cal.App.4th 583, 592, 79 Cal.Rptr.2d 134 (1998).

The Schefflers' Allstate homeowners policy provided liability coverage. The coverage, however, was limited by the following provision:

> Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.
>
> If an insured person is sued for these damages, we will provide a defense with counsel of our choice, even if the allegations are groundless, false or fraudulent.

The policy defined "occurrence" as:

> an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage.

▮ California law defines an accident as an "unintentional, unexpected, chance occurrence." *St. Paul Fire & Marine Ins. Co. v. Superior Court*, 161 Cal. App.3d 1199, 1202, 208 Cal.Rptr. 5 (1984). "An intentional act is not an 'accident' within the plain meaning of the word." *Id.* at 596, 79 Cal.Rptr.2d 134 (citation omit-

ted). "[C]overage is not always precluded merely because the insured acted intentionally and the victim was injured. An accident, however, is never present when the insured performs a deliberate act unless some additional, unexpected, independent, and unforseen happening occurs that produces the damage." *Merced Mutual Ins. Co. v. Mendez*, 213 Cal.App.3d 41, 50, 261 Cal.Rptr. 273 (1989).

■ In determining, "whether an insurance coverage provision limited to 'damages arising from an accident' precludes coverage when the insured intends his actions, but not the resulting damage ... 'the courts have focused on the nature of the act giving rise to the claims.'" *Allstate Ins. Co. v. Salahutdin*, 815 F.Supp. 1309, 1310–1311 (N.D.Cal.1992) (citations omitted). "Thus, 'where the insured intended all of the acts that resulted in the victim's injury, the event may not be deemed an 'accident' merely because the insured did not intend to cause injury.'" *Id.*

The plaintiffs concede that the intentional locking of the gate to the roadway and the bulldozing that destroyed the roadway do not constitute accidents. But, the plaintiffs contend that the potential bodily injury sustained by Mrs. Rioux was "some additional unexpected, independent, and unforseen" event. (Pls' Opp. at 6.)

■ However, the bodily injury itself cannot be the unforseen event. Instead, the cause of the bodily injury must be the unforseen event. *Mendez*, 213 Cal.App.3d at 50, 261 Cal.Rptr. 273 (emphasis added). Since the insured intended all of the acts that resulted in the victim's (Mrs. Rioux) injury, then the acts cannot be deemed "accidents" within the context of the insurance policy.

In *Quan*, the court stated "whether the insured intended the harm that resulted from his conduct is not determinative. The question is whether an accident gave rise to claimant's injuries." 67 Cal. App.4th at 599, 79 Cal.Rptr.2d 134. An accident did not give rise to Mrs. Rioux's injury. The plaintiffs' admitted intentional act of causing inaccessibility to the easement gave rise to Mrs. Rioux's injury.

An illustration that the *Mendez* court has provided in determining whether an act is an accident is:

[w]hen a driver intentionally speeds and, as a result, negligently hits another car, the speeding would be an intentional act. However, the act directly responsible for the injury—hitting the other car—was not intended by the driver and was fortuitous. Accordingly, the occurrence resulting in injury would be deemed an accident.

213 Cal.App.3d. at 50, 261 Cal.Rptr. 273. Unlike the hitting of the other car, the intentional act in question was directly responsible for Mrs. Rioux's injury because the deliberate blocking of the easement forced the Rioux's to have to use the unsafe and steep driveway on their own property, which aggravated Mrs. Rioux's irritable bowel syndrome.

The court, in *Quan*, provided the following example in footnote 16 to help in the determination of whether an act may be "an additional, unexpected, independent and unforseen happening":

a worker mops the floor at a fast food restaurant, wetting it and reducing the coefficient of friction between that floor and a potential shoe sole. The act of mopping the floor is intentional; and it is not an accident. A customer then enters, slips and falls. The second event may be an 'additional, unexpected, independent and unforseen happening' producing an injury, and hence maybe an accident' giving rise to a duty to defend....

67 Cal.App.4th at 601, 79 Cal.Rptr.2d 134. In this case, a second event did not occur to cause the Mrs. Rioux's injury. The

plaintiffs deliberately blocked the easement forcing the Riouxs to use the only other accessible path to their home, which was the steep and unsafe driveway on their own property.

The plaintiffs rely on *Reshamwalla v. State Farm Fire and Casualty Company*, 112 F.Supp.2d 1010 (E.D.Cal.2000), where the insured intentionally threw concrete chunks onto a freeway injuring a person who was driving on the freeway. *Id.* at 1020. The *Reshamwalla* court relied on the wording of the plaintiff's complaint to find that insurer owed a duty to defend. *Id.* The *Reshamwalla* court agreed with the defendant that intentionally throwing debris into speeding freeway traffic constitutes a willful and malicious act. *Id.* The *Reshamwalla* court pointed out, however, that the allegations in the plaintiff's complaint were not so limited. *Id.* "Rather, the allegations included a scenario in which Abruzzo threw a rock which accidentally landed in traffic." *Id.* The *Reshamwalla* court contemplated that the concrete chunk could have hit a wall and then bounced onto an oncoming vehicle that would cause an injury. *Id.* In showing that there may have been "an additional, unexpected, independent and unforseen happening," the *Reshamwalla* court found that a potential for coverage existed, and found that the defendants had a duty to defend. *Id.*

Such is not the case here, the plaintiffs do not identify "an additional, unexpected, independent and unforseen happening" that may have caused Mrs. Rioux's injury. Instead, they argue that Mrs. Rioux's injury is the "additional, unexpected, independent and unforseen" event. (Pls' Opp. at 6.) Mrs. Rioux's injury cannot be considered "some additional unexpected, inde-

pendent, and unforseen happening." The cause of Mrs. Rioux's injury must be the unforseen happening. *Mendez*, 213 Cal. App.3d at 50, 261 Cal.Rptr. 273. Since no additional act caused the flare up of Mrs. Rioux's irritable bowel condition only the intentional blocking of the easement, no accident occurred under the terms of the insurance policy.[1]

The Court finds that Allstate does not have a duty to defend the plaintiffs in the lawsuit instigated by the Riouxs because all of the acts performed by the plaintiffs that led to Mrs. Rioux's injury were intentional and not deemed accidents, under the terms of the insurance policy. Accordingly, the plaintiffs' lawsuit against Allstate for breach of contract and breach of the implied covenant of good faith and fair dealing fails as a matter of law.

## CONCLUSION

Based on the foregoing analysis, the Court grants Allstate's motion for judgment on the pleadings.

IT IS SO ORDERED.

---

1. The Court notes that the Riouxs' complaint alleges intentional infliction of emotional distress. Whereas the plaintiffs' complaint in *Reshamwalla* alleged, in addition to intentional behavior, that the defendants engaged in negligent and reckless behavior. 112 F.Supp.2d at 1020.