Matt BUTLER, dba San Rafael Yacht Harbor, Plaintiff–counter–defendant–Appellant,

v.

CLARENDON AMERICA INSURANCE COMPANY, Defendant–counter–claimant–Appellee.

No. 07–16462.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2009.

Filed Feb. 26, 2009.

---

* The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

George Nowell, Esquire, Law Offices of George W. Nowell, San Francisco, CA, for Plaintiff–counter–defendant–Appellant.

Dale Henry Thayer, Esquire, Thayer, Harvey, Gregerson, Hedberg & Jackson, Colleen F. Van Egmond, Esquire, Modes-

to, CA, for Defendant–counter–claimant–Appellee.

Before: THOMPSON, BERZON and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Matt Butler, operator of San Rafael Yacht Harbor ("SRYH"), appeals the district court's grant of summary judgment in favor of Clarendon America Insurance Company ("Clarendon"). The district court held that the insurance policy between Butler and Clarendon (the "Policy") did not provide potential coverage for injuries allegedly suffered by Lloyd Victor Ramirez as a result of Butler's intentional acts taken against Ramirez's interests. We see no reason to disturb the district court's thorough and well-reasoned analysis.

As the district court concluded, Butler presents no factual scenario under which any Policy provision would potentially provide coverage:

(a)

Commercial General Liability Section I, Coverage A ("CGL I–A") only provides for potential coverage when bodily injury or property damage results from an "accident." Although the term "accident" is not defined in the Policy, California courts have consistently defined it to require unintentional acts or conduct. *See, e.g., Ray v. Valley Forge Ins. Co.,* 77 Cal.App.4th 1039, 92 Cal.Rptr.2d 473, 477 (1999) (citing *Collin v. American Empire Ins. Co.,* 21 Cal.App.4th 787, 26 Cal.Rptr.2d 391 (1994); *Shell Oil Co. v. Winterthur Swiss Ins. Co.,* 12 Cal.App.4th 715, 15 Cal.Rptr.2d 815 (1993); *Merced Mutual Ins. Co. v. Mendez,* 213 Cal.App.3d 41, 261 Cal.Rptr. 273 (1989)).

Ramirez's Complaint states that Butler injured him by trespassing upon, selling, and converting Ramirez's vessels and personal property. All the evidence provided to Clarendon before it denied Butler coverage—including Butler's admissions that he chained Ramirez's vessels to the dock, towed one vessel back to the SRYH, and hauled it from the water—suggests that Butler's actions were intentional. California courts have held that similar intentional acts by an insured do not constitute an "accident" within the meaning of comparable insurance policy language. *See, e.g., St. Paul Fire & Marine v. Super. Ct.,* 161 Cal.App.3d 1199, 208 Cal.Rptr. 5, 7 (1984) (allegations of wrongful discharge cannot derive from accidental conduct, because a decision to fire someone is intentional). Accordingly, CGL I–A could not have triggered coverage on the facts as presented on Butler's first partial motion for summary judgment, and Clarendon therefore had no duty to defend Butler under this provision.

(b)

The Policy's Special Boat Dealer/Marina Coverage provision ("Form HBDC") insured Butler against "all risk of direct physical loss or damage." It is a first-party all-risk provision, which does not allow a third party such as Ramirez to recover benefits under the Policy. *See McKinley v. XL Specialty Ins. Co.,* 131 Cal.App.4th 1572, 33 Cal.Rptr.3d 98, 101

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

(2005). Accordingly, Form HBDC cannot provide coverage.

### (c)

■ The Policy's Special Marina/Boat Repairs/Boat Dealers Legal Liability provision ("Form HMOL") does not provide potential for coverage, because it is a "give-back" coverage provision, meaning it gives back some form of coverage that is excluded by the general policy provisions. The Policy generally excludes " 'property damage' to ... Personal property in the care, custody or control of [Butler]," and Form HMOL "gives back" coverage in limited circumstances—related to marina operators, boat repairers, and boat dealers—such as when Butler holds the property of others for sale. An examination of the Ramirez lawsuit, the Policy terms, and the evidence available to Clarendon presents no evidence that Ramirez provided Butler his vessels and other personal property for Butler to hold for sale. Accordingly, Form HMOL does not give back the coverage excluded under CGL I–A.

### (d)

■ Neither the Policy's Protection and Indemnity Liability provision ("Form HPIL"), nor its Towers Liability Endorsement ("Form HTOW") provide potential for coverage. Forms HPIL and HTOW would trigger a duty to defend if Butler presented Clarendon with facts that suggest Ramirez's injuries were caused by Butler's insured vessels. To prevail on this issue, however, Butler must meet his burden of establishing a potential for coverage under the Forms. *See Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1161 (1993). Butler was unable to

provide any credible factual scenario that would trigger coverage under these Forms, either before the district court or on appeal.

### (e)

■ Commercial General Liability Section I, Coverage B ("CGL I–B") does not provide for potential coverage of Ramirez's alleged injuries, because CGL I–B provides coverage for "wrongful eviction," which California courts have consistently held means the "wrongful entry, eviction or other invasion of the right to private occupancy" relating to some interest in real property. *Nichols v. Great Am. Ins. Cos.*, 169 Cal.App.3d 766, 215 Cal.Rptr. 416, 421–22 (1985). If the allegedly aggrieved party does not assert an interest in real property, he has not asserted a wrongful eviction claim. A review of Ramirez's allegations reveals that he did not assert any injury to an interest in real property.[1]

### (f)

■ Clarendon did not violate its duty of good faith and fair dealing or fiduciary duties by not defending Butler against Ramirez. In order to prevail on these claims, Butler must show that Clarendon had a duty to defend, *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 639 (1995), and he was unable to do so. In addition, Butler cannot prevail on his claim that Clarendon breached its fiduciary duty, because "[t]he insurer-insured relationship ... is not a true 'fiduciary relationship.' " *Vu v. Prudential Property & Casualty Ins. Co.*, 26 Cal.4th 1142, 113 Cal.Rptr.2d 70, 33 P.3d 487, 492 (2001). The insurer-insured relationship is instead "a relationship often

---

**1.** Ramirez's rented marina slip is real property, but his injuries relate to personal property, not his slip.

characterized by unequal bargaining power in which the insured must depend on the good faith and performance of the insurer," which leads California courts to conclude that "the fiduciary-like duties arise because of the unique nature of the insurance contract, not because the insurer is a fiduciary." *Id.* (internal citations omitted). Accordingly, we analyze the insurer's alleged breach of fiduciary-like duties under the same standards as claims for breach of the covenant of good faith and fair dealing. Given this analysis, and the fact that Clarendon had no duty to defend Butler, Clarendon did not breach its fiduciary duties.

In sum, Butler's actions taken against Ramirez's interests were intentional, and, regardless of Butler's motivation for taking them, cannot be said to fall within the Policy's general coverage provisions, nor any special form provision. Accordingly, we agree with the district court and conclude Ramirez has asserted no theory on which Butler can prevail against Clarendon.

**AFFIRMED.**