BEER, Judge.
Plaintiff-appellant, Martha Loker, was injured on November 2, 1974, when riding in the Tulane Homecoming Parade aboard a truck decorated and sponsored by Beta Theta Pi fraternity. As the decorated truck executed a left turn from Broadway onto Maple Street, a part of the decoration, which was a replica of an outhouse, fell and knocked her off the side of the flatbed into the street.
Appellee, Commercial Union Insurance Company, the Owners’, Landlords’ and Tenants’ insurer of the local chapter of Beta Theta Pi, urged certain policy exclusions in support of its motion for summary judgment which was denied, and trial on the merits ensued. However, at the conclusion of the trial, the court granted the motion, and Loker now appeals.
The case was fully tried on its merits with evidence adduced on the issues of negligence, coverage and quantum. However, the judgment which has dismissed the Loker claim against Commercial Union, was handed down without written reasons, and we must, therefore, focus our consideration on the correctness, vel non, of its dismissal of appellant’s claim. Appellant suggests that it must be inferred from the maintaining of the summary judgment motion that a finding of no coverage is the basis upon which the judgment was rendered.
Little testimony or other evidence was presented to support the allegations of negligent construction of the truck decorations or lack of supervision of the float riders who were allowed to sit upon the outhouse structure which failed to support their weight. The lay testimony of Herbert Ashe and Michael Schornstein was less than conclusive of negligence though they did testify that the float decorations — including the *1306 failed “outhouse” — were assembled at the fraternity house premises and then installed on the flatbed truck by fraternity members. They observed several persons seated atop the “outhouse” prior to its collapse but were unable to verify the cause.
Though the record is devoid of specific evidence of improper construction, it is obvious that the “outhouse,” primarily a decoration, collapsed while under the weight of the riders who were seated on top of it.
Assuming, arguendo, that this combination of circumstances does constitute a basis for liability, the issue of coverage then becomes relevant. Accordingly, appellant’s able counsel strenuously urges that Martha’s injury results from “use” of the insured premises, contending that the construction (and subsequent placement on the flatbed truck) of the failed outhouse took place at the fraternity’s premises and that its construction and placement was a reasonably anticipated “use” of the fraternity premises.
In our view, Martha’s unfortunate injury arose from the “use” of the motor vehicle, whose insurer has already settled with her. Since appellee’s Owners’, Landlords’ and Tenants’ policy is quite clear with respect to excluding occurrences which result in bodily injury arising from the “use” of a motor vehicle, we conclude that the trial court was not manifestly in error in resolving the coverage issue in favor of appellee and, thereby, concluding that summary judgment was, after all, the appropriate remedy-
In summary, we conclude that the record supports the finding that Martha’s injury resulted from the “use” of that motor vehicle, but not from the “use” of the Beta house premises.
For these reasons, the judgment of the Civil District Court for the Parish of Orleans is affirmed, at appellant’s cost.
AFFIRMED.