**Janet MINNIGH, Plaintiff,**

v.

**AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, and Does 1 Through 20, inclusive, Defendants.**

**No. CV 89–0957 WJR.**

United States District Court,
C.D. California.

May 30, 1989.

K. William Pergande, Hart, King & Coldren, Santa Ana, Cal., for plaintiff.

Bruce N. Graham, Waldman, Bass, Stodel & Graham, Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

REA, District Judge.

This insurance coverage dispute arises from a wrongful termination lawsuit between plaintiff, Janet Minnigh, and her former employer, Quamagra Tile, Inc. Having prevailed in that action, Minnigh seeks to collect the judgment from Quamagra's general liability carrier, American Manufacturers Mutual Insurance Company ("American"). American has denied coverage and now moves to dismiss the complaint.[1]

## BACKGROUND

The operative facts are not in dispute. Plaintiff brought suit against Quamagra in state court on February 21, 1986. On July 28, 1988, Quamagra stipulated to a partial judgment of $75,000 against it in settlement of plaintiff's claims for wrongful termination, breach of the implied covenant and fraud.[2] At the same time, plaintiff amended her complaint to add several causes of action based on negligence. After a court trial, Minnigh was awarded a separate $200,000 judgment on her claims for negligent infliction of emotional distress and negligent misrepresentation.

Quamagra is the insured under a comprehensive general liability insurance policy issued by American. The policy covers bodily injury or property damage resulting from an "occurrence," which it defines as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

Plaintiff sought to collect on the $200,000 judgment from American under the subject policy. American denied coverage and this action ensued. Minnigh sues under Cal.Ins.Code Sec. 11580(b)(2), which permits a judgment creditor of an insured to sue the insurer for payment of a covered judgment. She also brings a separate claim under the assignment of rights she received by stipulation from her former employer; this claim alleges bad faith by American for failing to settle the underlying case within policy limits.

## DISCUSSION

Interpretation of the terms of an insurance policy is governed by California law. *St. Paul Mercury Ins. Co. v. Ralee Engineering Co.*, 804 F.2d 520, 522 (9th Cir. 1986). Here, American's comprehensive general liability policy limits coverage to accidents which result in injuries not intended or expected by the insured. California courts have read such language to preclude coverage for "purposeful acts." *St. Paul Fire & Marine Ins. Co. v. Superior Ct.*, 161 Cal.App.3d 1199, 1202, 208 Cal. Rptr. 5, 7 (3d Dist.1984). Because the act of discharging an employee is intentional, negligence claims arising from a termination of employment are not covered. *Id.; St. Paul Mercury Ins. Co. v. Ralee Engineering Co.*, 804 F.2d at 522.

Plaintiff correctly notes that only intentional conduct was alleged in *St. Paul Fire & Marine Ins. Co.* She then argues that its holding precludes coverage only where the claimed injury, though unintended, is the product of intentional conduct, i.e., the discharge. In contrast, the injuries herein are said to result from truly unintentional conduct, i.e., the negligent representation that Quamagra would be able to honor plaintiff's employment contract.

---

1. Both parties request the Court to take judicial notice of documents from the underlying state court action pursuant to Fed.R.Evid. Rule 201. Because such documents are "matters outside the pleading," this motion is more appropriately treated as one for summary judgment under Fed.R.Civ.P. Rule 56(c). Fed.R.Civ.P. Rule 12(b).

2. Quamagra also assigned to Minnigh any rights of direct action it might have against its insurer and waived any right of appeal as to the remaining counts.

Similar attempts to obtain coverage have been rejected in two published opinions from the Northern District of California. *American Guarantee and Liability Ins. Co. v. Vista Medical Supply,* 699 F.Supp. 787, 790–91 (N.D.Cal.1988) (representation of job security without reasonable basis); *Hartford Fire Ins. Co. v. Karavan Ent. Inc.,* 659 F.Supp. 1077, 1081 (N.D.Cal.1987) (negligent failure to follow disciplinary procedures). As Judge Jensen stated in (*Hartford Fire Ins. Co.:*)

> For purpose of insurance coverage the act of discharge is the determinative event. *St. Paul Fire & Marine Ins. Co., supra,* demonstrates that an intentional discharge cannot constitute an unintended or unexpected "occurrence." So, too, negligence claims based on the discharge fall within the ambit of the claim for wrongful discharge.

659 F.Supp. at 1081 (citation omitted).

The Court finds this reasoning persuasive. Plaintiff's discharge was intentional. Recasting the complaint as a pure negligence action does not make this critical fact disappear. Because plaintiff's discharge was no "accident," her judgment is not covered under the subject policy.[3] And because there was no coverage, American did not act in bad faith by failing to settle the case within policy limits.

For all the above reasons, IT IS HEREBY ORDERED that summary judgment be entered in favor of defendant American Manufacturers Mutual Insurance Company on the complaint of plaintiff Janet Minnigh.

## JUDGMENT

This action came on for hearing before the Court, the Honorable William J. Rea, United States District Judge, presiding, and the Motion to Dismiss of defendant American Manufacturers Mutual Insurance Company being treated as a motion for summary judgment under Fed.R.Civ.P. Rule 56(c) and Fed.R.Civ.P. Rule 12(b), the issues having been duly heard, and a decision having been duly rendered,

It is hereby ORDERED, ADJUDGED, and DECREED that the plaintiff take nothing, that the action be dismissed on the merits, and that defendant recover its costs of action.

---

**3.** Plaintiff's reliance on *United Pacific Ins. v. First Interstate BancSystems,* 664 F.Supp. 1390 (D.Mont.1987), is misplaced. There, the court noted that the policy's definition of "occur- rence" included not only accidents but "happenings" or "events," and expressly distinguished *St. Paul Fire & Marine Ins. Co.* on that basis. *Id.* at 1393.