Ashley L. FARMER, a Minor, by and through her Guardian ad Litem, Andrea Hansen, Plaintiff—Appellant,

v.

ALLSTATE INSURANCE COMPANY, an Illinois corporation, Defendant—Appellee.

No. 04–55415.

D.C. No. CV–03–05764–SVW.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2005.*

Decided March 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Albert S. Israel, Esq., Fields & Israel, Long Beach, CA, for Plaintiff–Appellant.

Bruce A. Greenberg, Esq., Bruce A. Greenberg, APLC, Long Beach, CA, Peter H. Klee, Esq., Luce Forward Hamilton & Scripps, San Diego, CA, for Defendant–Appellee.

Before WARDLAW and PAEZ, Circuit Judges, and SINGLETON,** District Judge.

### MEMORANDUM ***

■ Appellant,[1] by and through her guardian ad litem, Andrea Hansen, appeals the district court's award of summary judgment in favor of Allstate Insurance Company ("Allstate"). The district court ruled that Allstate had no duty to defend Nadine Varela in Appellant's underlying state court action against Nadine and Carlos Varela and their licensed child care business, Varela Family Care, which was located in the Varelas' home.[2] We agree with the district court that the Allstate Deluxe Homeowners Policy, including its Home Day Care Coverage Endorsement, did not cover the Varelas for injuries sustained by Appellant when she was molested by Mr. Varela while at Varela Family Care. We therefore affirm the district court's rulings on the cross-motions for summary judgment.

We reject Appellant's contention that although Mr. Varela was "an insured" for the purpose of the Varelas' homeowners policy, he was not "an insured" for purposes of the separate but related day care endorsement.[3] The plain language of the Allstate policy makes clear that Mr. Varela was "an insured" under the day care endorsement and that its exclusions apply to him. The day care endorsement, which amends the homeowners policy, provides that "the coverages of your policy are extended to apply to the home day care business conducted by an insured person at the residence premises." "Your" and "insured person" are defined in the homeowners policy to include Mr. Varela, and nothing in the policy or the endorsement suggests that the parties intended a differ-

---

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

1. We refer to the real party in interest as "Appellant" throughout as she was a minor at the time of her injuries.

2. Appellant was awarded $400,000 in damages against Mr. Varela for sexual molestation and $100,000 in damages against Ms. Varela for negligence. Ms. Varela subsequently assigned Appellant her indemnification rights against Allstate. Separately, Mr. Varela was convicted of molestation and sentenced to six years in prison.

3. Appellant also contests Allstate's assertion that Ms. Varela's negligence did not constitute an "occurrence" that would trigger coverage under the insurance policy. Because we find that coverage was excluded on other grounds, we do not reach this issue.

ent definition for purposes of the endorsement.

The endorsement extends coverage to the insureds, as defined in the main homeowners policy, for liability related to the day care business. Because Mr. Varela was "an insured" for all relevant purposes, the policy excludes coverage for injuries resulting from or arising out of his molestation of Appellant, even if Ms. Varela's negligence contributed to the injuries. *See Allstate Ins. Co. v. Gilbert*, 852 F.2d 449, 454 (9th Cir.1988) ("We hold that by excluding insurance coverage for injury or damage intentionally caused by 'an insured person,' Allstate unambiguously excluded coverage for damages caused by the intentional wrongful act of *any* insured under the policies."); *see also Fire Ins. Exch. v. Altieri*, 235 Cal.App.3d 1352, 1361, 1 Cal. Rptr.2d 360 (1991) ("[W]here, as here, the policy excludes coverage for bodily injury intended or expected by 'an' or 'any' insured, the cases have uniformly denied coverage for all claims, including negligent supervision claims.").

Appellant's reliance on *National Union Fire Insurance Co. v. Lynette C.* is misplaced. 228 Cal.App.3d 1073, 279 Cal.Rptr. 394 (1991). The policy at issue in *Lynette C.* employed a narrower exclusion than the Varelas' policy and specifically protected one insured person from claims arising from certain acts of another insured person. *Id.* at 1077, 279 Cal.Rptr. 394 ("[*T*]*he Insured* shall be protected under the terms of this policy as to any claim upon which suit may be brought against him, by reason of any alleged licentious, immoral or sexual behavior by *an Insured* . . . ." (emphasis added)); *see also id.* at 1078–79, 279 Cal.Rptr. 394 (resolving the policy interpretation dispute based on the distinction between "the Insured" and "an Insured"). Nor does Appellant benefit from *American States Insurance Co. v.*

*Borbor*, which held that an insurance policy similar to the Varelas' was not precluded *by statute* from covering claims for an insured's negligence when the insured's spouse sexually molested children at their family day care, but explicitly left open the possibility that coverage could be precluded by the terms of an insurance policy. 826 F.2d 888, 894 (9th Cir.1987).

■ Appellant also contends that California Insurance Code section 676.1, which requires family day care insurance to be provided by an endorsement or insurance policy separate from any underlying residential property insurance, prescribes a complete substantive separation between homeowners policies and day care insurance as a matter of public policy. Therefore, Appellant argues, section 676.1 precludes interpreting the endorsement to include Mr. Varela as "an insured" simply because he is "an insured" on the homeowners policy, particularly because Ms. Varela was the only person licensed to operate Varela Family Care. But section 676.1 does not speak to who may obtain insurance for a family day care; it merely requires formal separation between the provision of homeowners insurance and of the day care insurance. This formal separation presumably facilitates reporting to assist the state in assuring "the availability, stability, and affordability of liability insurance for operators of day care in this state." Cal. Ins.Code § 1862; *see also id.* § 676.1(a), (b) (prohibiting the "arbitrary cancellation of homeowners[ ] insurance solely on the basis that the policyholder has a license to operate a family day care home at the insured location"); *id.* § 1864 (requiring reporting of child care liability claims from family day care homes). Section 676.1 does not compel an interpretation of the Varelas' policy and endorsement contrary to their plain meaning or render their plain meaning ambiguous.

Allstate is not collaterally estopped from raising its coverage defenses in this action by the state court's award of several rather than joint liability against the Varelas. An insurer that has refused to defend in an earlier action is "not bound ... as to issues not necessarily adjudicated in the prior action and can still present any defenses not inconsistent with the judgment against the insured." *Geddes & Smith, Inc. v. St. Paul–Mercury Indem. Co.,* 51 Cal.2d 558, 561–62, 334 P.2d 881 (1959). Here, the state court did not explicitly or implicitly adjudicate any of the coverage issues related to Allstate's duty to defend or indemnify. Because California law requires that "[i]n any action for personal injury ... the liability of each defendant for non-economic damages shall be several only and shall not be joint," Cal. Civ.Code § 1431.2(a), the state court could not have entered joint judgments. The absence of a finding by the state court that Ms. Varela's negligence caused Appellant harm only insofar as it enabled Mr. Varela's molestation is not a "material finding[ ] of fact essential to the judgment of liability of the insured." *Geddes & Smith,* 51 Cal.2d at 561, 334 P.2d 881. Indeed, Appellant's state court complaint did not allege any harms from Ms. Varela's negligence other than those related to Mr. Varela's sexual molestation. Thus Appellant seeks collateral estoppel for issues that were not adjudicated in the prior state court action.

Because the district court correctly found that Allstate did not have a duty to defend Ms. Varela and thus has no duty to indemnify, its judgment is AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.