186 Cal.App.4th 767 (2010)
L.A. CHECKER CAB COOPERATIVE, INC., Cross-complainant and Appellant,
v.
FIRST SPECIALTY INSURANCE CORPORATION, Cross-defendant and Respondent.
No. B213948.
Court of Appeals of California, Second District, Division One.
June 14, 2010.
*769 Law Offices of Neil C. Evans and Neil C. Evans for Cross-complainant and Appellant.
Cresswell, Echeguren, Rodgers & Noble, Ronald D. Echeguren, Elsa S. Baldwin and Matthew S. Harvey for Cross-defendant and Respondent.

OPINION
ROTHSCHILD, J.
We hold that the employer in this case is not covered for an assault and battery by its employee under the "bodily injury" provision of its commercial general liability policy regardless of whether the employee acted in unreasonable self-defense or the employer was negligent in training or supervising the employee. Accordingly, we affirm the judgment for the insurer in the employer's action for breach of contract and declaratory relief.[1]

FACTS AND PROCEEDINGS BELOW
Alexander Terminassian, an employee of the L.A. Checker Cab Cooperative, Inc. (Checker), was operating his taxi one evening when he got into a dispute with a would-be passenger, Marco Cifuentes.
In his deposition, Cifuentes stated that Terminassian told him that he would not accept him as a passenger because he was drunk. Terminassian ordered Cifuentes out of the cab. Terminassian testified that when he told Cifuentes to get out of the cab, Cifuentes spat on his face, kicked him, struck him on the back of his head, and threatened to kill him. He described Cifuentes as "deranged" and "out of control." Terminassian warned Cifuentes that he was armed. When Cifuentes continued his aggression, Terminassian reached into his pocket for his gun and "racked the slide, chambering the round to make sure that [Cifuentes] understands it's not a toy gun." At that point, Cifuentes *770 got out of the cab, opened the driver's side door and attempted to pull Terminassian out of the car. Terminassian fired one shot at Cifuentes when Cifuentes was "inches away" and holding Terminassian's left hand. Cifuentes let go of Terminassian and ran away. Asked whether he intended to shoot Cifuentes, Terminassian answered: "There was no time to intend or not to intend. I just shot him because it was on the spur of the moment." Terminassian testified he shot Cifuentes "[b]ecause of the danger to my life."
In his deposition, Cifuentes admitted that he spat on the window divider in the cab and yelled curse words but denied striking or threatening Terminassian. According to Cifuentes, Terminassian shot him without provocation.
Cifuentes brought an action against Checker and Terminassian for assault and battery and against Checker for negligent supervision of Terminassian. Checker tendered defense of the action to its insurer, First Specialty Insurance Corporation (First Specialty). The insurer refused to defend or indemnify Checker on the ground that under either Terminassian's or Cifuentes's version of events the incident was not covered by Checker's policy. Checker then filed a cross-complaint against First Specialty for breach of contract and declaratory relief and First Specialty cross-complained against Checker for declaratory relief.
The trial court granted First Specialty's motion for summary judgment and entered judgment in its favor. Checker filed a timely appeal.

DISCUSSION

I. Coverage for Causing "Bodily Injury"

"`Bodily injury'" to third persons is covered under Checker's policy if it "is caused by an `occurrence.'" The term "`occurrence'" is defined as an "accident." Thus, the policy only covers bodily injury caused by an accident.
(1) "In the context of liability insurance, an accident is `"an unexpected, unforeseen, or undesigned happening or consequence from either a known or unknown cause."'" (Delgado v. Interinsurance Exchange of Automobile Club of Southern California (2009) 47 Cal.4th 302, 308 [97 Cal.Rptr.3d 298, 211 P.3d 1083] (hereafter Delgado).) "[A]n injury-producing event is not an `accident' within the policy's coverage language when all of the acts, the manner in which they were done, and the objective accomplished occurred as intended by the actor." (Id. at pp. 311-312.)
(2) Checker does not contend that Terminassian shot Cifuentes as the result of some mishap while handling the gun. Indeed, the undisputed *771 evidence shows that Terminassian intentionally chambered a bullet in his gun and intentionally shot Cifuentes at pointblank range. Furthermore, Terminassian testified that he shot Cifuentes in self-defense because Cifuentes was "deranged" and "out of control" and Terminassian feared for his life. Given this evidence, Cifuentes's injury was not accidental as a matter of law and, consequently, there is no potential for coverage under the policy and no duty on the part of First Specialty to defend or indemnify. (Cf. Delgado, supra, 47 Cal.4th at p. 312.)
Checker advances two arguments to support its claim that the shooting was an "accident" within the policy's coverage. Neither has merit.
(3) Checker first argues that there is a potential for coverage because the evidence would support a finding that Terminassian had an unreasonable belief in his need for self-defense and therefore his response to Cifuentes's provocation was negligent, i.e., accidental. This same self-defense argument was raised and rejected in Delgado which held that "an insured's unreasonable belief in the need for self-defense does not turn the resulting purposeful and intentional act of assault and battery into `an accident' within the policy's coverage clause." (Delgado, supra, 47 Cal.4th at p. 317.) Thus, a determination whether Terminassian correctly or incorrectly assessed the need for self-defense is immaterial because it would not convert his intentional act into an "accident."
(4) Alternatively, Checker contends that the evidence supports a finding that Cifuentes's unforeseen and unexpected acts of spitting at, assaulting and threatening Terminassian were negligent acts on Cifuentes's part and provoked a response that was also negligent on Terminassian's part. This argument fails because, as the court held in Delgado, "[t]he term `accident' in the policy's coverage clause refers to the injury-producing acts of the insured, not those of the injured party." (Delgado, supra, 47 Cal.4th at p. 315.)

II. Coverage for Negligent Supervision

Checker contends First Specialty owed it a defense and indemnification on Cifuentes's cause of action for negligent supervision because there is an ambiguity as to whether the policy applies to negligent supervision resulting in a battery and Checker had a reasonable expectation of coverage.
(5) There is no ambiguity. "`[T]he term "accident" unambiguously refers to the event causing damage, not the earlier event creating the potential for future injury ....'" (Delgado, supra, 47 Cal.4th at p. 316, quoting Maples v. Aetna Cas. & Surety Co. (1978) 83 Cal.App.3d 641, 647-648 [148 Cal.Rptr. 80].) Thus in a case of assault and battery, "it is the use of force on another *772 that is closely connected to the resulting injury. To look to acts within the causal chain that are antecedent to and more remote from the assaultive conduct would render legal responsibilities too uncertain." (Delgado, supra, 47 Cal.4th at pp. 315-316.) Accordingly, the focus of the analysis here must be on the conduct that directly produced Cifuentes's injury, not some remote act that had the potential for producing a future injury. Under that analysis, Checker's alleged negligence in not adequately supervising Terminassian was not the direct cause of Cifuentes's injury but, if anything, only a remote antecedent cause which does not qualify as an "occurrence" under the policy.

DISPOSITION
The judgment is affirmed. Respondent is awarded its costs on appeal.
Mallano, P. J., and Chaney, J., concurred.
NOTES
[1] Given our holding that the bodily injury provision of the policy does not cover assault or battery, we need not address the policy's "assault and battery" exclusion.