NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIBERTY SURPLUS INSURANCE CORPORATION, a New Hampshire corporation; LIBERTY INSURANCE UNDERWRITERS, INC., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> LEDESMA AND MEYER CONSTRUCTION COMPANY, INC., a California corporation; JOSEPH LEDESMA, an individual; KRIS MEYER, an individual, <br><br> Defendants - Appellants. | No. 14-56120 <br><br> D.C. No. 2:12-cv-00900-RGK-SP <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 6, 2016
Resubmitted October 17, 2018
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: VANASKIE,** MURGUIA, and WATFORD, Circuit Judges.

Liberty Surplus Insurance Corporation and Liberty Surplus Underwriters, Inc. (collectively, "Liberty") sought declaratory relief, contending that Liberty had no obligation to defend or indemnify Ledesma and Meyer Construction Company, Inc., its principals, Joseph Ledesma and Kris Meyer (collectively, "L&M") and the San Bernardino Unified School District (the "School District"), against a tort claim arising out of the alleged sexual abuse of a minor by an L&M employee on school grounds. L&M appealed from the district court's order granting summary judgment in favor of Liberty. Observing that the appeal turned on an unresolved question of California insurance law, we certified the relevant question to the California Supreme Court. The California Supreme Court exercised its discretion and issued a decision. We have jurisdiction under 28 U.S.C. § 1291. In light of the California Supreme Court's decision, we reverse and remand the district court's Order.

L&M contracted with the School District to manage a construction project at a middle school. In relevant part, the construction contract provided that L&M would defend and indemnify "the Owner, its officers, employees, and agents" from all claims resulting from L&M's negligence.

---

** The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

2

L&M hired Darold Hecht as an assistant superintendent and assigned him to the School District project. Subsequently, Jane Doe, a 13-year-old student, filed a governmental tort claim against the School District alleging that Hecht had sexually abused her. Pursuant to the construction contract, the School District tendered the defense and indemnification of the governmental tort claim to L&M. Doe then filed a complaint in state court against, among others, the School District and L&M (the "Underlying Action"). The operative complaint alleged that the School District and L&M had negligently hired, retained, and supervised Hecht. Ultimately, the state court entered judgment finding the School District and L&M liable.

Liberty had issued L&M a commercial general liability policy (the "General Policy") for the relevant time period. In pertinent part, the General Policy covered "bodily injury" "caused by an occurrence." It defined "occurrence" as "an accident." Pursuant to the General Policy and other insurance policies, both L&M and the School District tendered their defense in the Underlying Action to Liberty. Liberty defended L&M under a reservation of rights, but refused to defend the School District on the ground that the School District was not insured under the General Policy. Pursuant to the construction contract, L&M paid expenses incurred by the School District to defend against the claim.

In the federal court insurance coverage declaratory judgment action, the district court found that L&M's negligent hiring, retention, and supervision of Hecht was too attenuated from the injury-causing conduct committed by Hecht to constitute an "occurrence" under the General Policy. *See Liberty Ins. Corp. v. Ledesma & Meyer Constr. Co.*, No. 12-00900, 2013 WL 12143958, at *3 (C.D. Cal. Jan. 23, 2013) (hereinafter "*Liberty I*"). Finding no "occurrence," and by extension, no possibility of coverage, the district court declined to consider whether the School District was covered under the relevant policies. *Id.* at *4. L&M timely appealed.

On appeal, we observed that our review turned on "[w]hether there is an 'occurrence' under an employer's commercial general liability policy when an injured third party brings claims against the employer for the negligent hiring, retention, and supervision of the employee who intentionally injured the third party[.]" *Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.*, 834 F.3d 998, 1000 (9th Cir. 2016) (hereinafter "*Liberty II*"). Concluding that this presented an unresolved question of California insurance law, which was of exceptional importance, we certified the question to the California Supreme Court. *See id.*

On June 4, 2018, the California Supreme Court issued its opinion. *See Liberty Surplus Ins. Co. v. Ledesma & Meyer Constr. Co.*, 418 P.3d 400 (Cal. 2018) (hereinafter "*Liberty III*"). In doing so, it rephrased our question slightly and asked:

4

"When a third party sues an employer for the negligent hiring, retention, and supervision of an employee who intentionally injured that third party, does the suit allege an 'occurrence' under the employer's commercial general liability policy?" *Id.* at 402 (citing *Liberty II*). The California Supreme Court answered that question in the affirmative. *Id.* at 402.

The California Supreme Court reasoned as follows: The meaning of the term "accident" is well-established under California insurance law. *Id.* at 403. "An accident is an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." *Id.* at 403 (alteration incorporated) (citations and quotation marks omitted). Additionally, "[u]nder California law, the word 'accident' in the coverage clause of a liability policy refers to the conduct of *the insured* for which liability is sought to be imposed . . .." *Id.* at 405 (emphasis and alterations in original) (quoting *Delgado v. Interinsurance Exch. of Auto. Club of S. Cal.*, 211 P.3d 1083, 1088 (Cal. 2009)). Because the term "accident" includes negligence, *id.* at 403 (citing *Black's Law Dict.* (5th ed. 1979); *Safeco Ins. Co. v. Robert S.*, 28 P.3d 889, 894 (Cal. 2001)), a policy which defines "occurrence" as an "accident" provides "coverage for liability resulting from the *insured's* negligent acts," *id.* (emphasis and alterations in original) (quoting *Safeco*, 28 P.3d at 894).

Regarding causation, general tort principles govern. So long as a defendant's conduct is a "substantial factor" in bringing about a plaintiff's injury, causation is established. *Id.* at 404 (collecting authorities). Furthermore, California law recognizes that an employer's negligent hiring, retention, or supervision of an employee can be a substantial factor in the injuries arising out of a sexual assault perpetrated by that employee. *Id.* at 404-05 (collecting authorities).

In light of the California Supreme Court's decision, reversal of the district court's summary judgment ruling in favor of Liberty is warranted. Doe accused L&M of negligence. The relevant perspective is that of the insured—here, L&M. As explained by the California Supreme Court, "[a]t the time Doe was molested, from L&M's point of view the event could have been 'an unexpected, unforeseen, or undesigned happening or consequence' of its hiring, retention, or supervision of Hecht." *Id.* at 408 (citing *Geddes & Smith, Inc. v. St. Paul Mercury Indem. Co.*, 334 P.2d 881, 884 (Cal. 1959); *Delgado*, 211 P.3d at 1086–87). This was true despite the fact that Hecht's conduct in perpetrating the assault was willful. In addition, we have no difficulty concluding that L&M's conduct was a substantial factor in Doe's injury. As even the district court observed, L&M's negligence "set in motion and created the potential for injury[.]" *Liberty I*, 2013 WL 12143958, at *3. Accordingly, we are satisfied that L&M's negligent hiring, retention, and

6

supervision of Hecht was an "occurrence" under the General Policy, and L&M is entitled to judgment in its favor on the coverage question.

We note, however, that this conclusion does not completely resolve the appeal before us. Neither the district court nor the California Supreme Court addressed whether the School District was an additional insured or otherwise covered under L&M's insurance policies. Rather than deciding this question now, we leave to the district court the opportunity to consider it in the first instance.

**REVERSED AND REMANDED**.